**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JOE W. PEEPLES, III,**

                                        **Plaintiff,**

         **vs.**                                                      **3:19-CV-868**
                                                                      **(TJM/TWD)**

**FBI AGENT CHRIS FIORITO,**
**BINGHAMTON PD LOCKUP,**
**FBI AGENT JOHN BOKAL,**
**BINGHAMTON SHERIFF, and**
**U.S. DEPARTMENT OF JUSTICE,**

                                        **Defendants.**
_____

**Thomas J. McAvoy,**
**Sr. U.S. District Judge**

### DECISION & ORDER

The Court referred this _pro se_ civil action, brought pursuant to 42 U.S.C. § 1983

and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388

(1971), to Magistrate Judge Thérèse Wiley Dancks for a Report-Recommendation

pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).  Plaintiff alleges that the

Defendants, Federal Bureau of Investigation Agents, the Department of Justice, and local

agencies and officers, violated his rights during and after an arrest in Binghamton, New

York and when they transported him away from that city to face charges in another federal

judicial district.  Defendant also filed a motion for leave to proceed _in forma pauperis.._

Magistrate Judge Dancks's Report-Recommendation, dkt. # 16, issued on

1

July 16, 2020, recommends that Plaintiff's Amended Complaint be dismissed with prejudice in part and with leave to replead in part.  Magistrate Judge Dancks finds that Plaintiff could not state a claim against the United States Department of Justice, which is entitled to sovereign immunity, against the Binghamton Police Department Lockup, which is not an entity subject to suit, and against the Binghamton Sheriff, because no such office exists.  She concludes that such claims should be dismissed with prejudice.  She also recommends that the Court dismiss with prejudice any claims brought by Plaintiff under 18 U.S.C. § 242, since that statute does not contain a private right of action.  Plaintiff was not a convicted prisoner at the time of the events in question, and Magistrate Judge Dancks also recommends that the Court dismiss any Eighth Amendment claims with prejudice. While Magistrate Judge Dancks recommends dismissing any claims related to the visual bodily strip search to which officers subjected Plaintiff, she concludes that the Court should provide leave to replead those claims.  Finally, she recommends that the Court dismiss any remaining claims without prejudice as barred by Heck v. Humphrey, 512 U.S. 477 (1975).  Such claims should be dismissing without prejudice to pleading if the Heck bar disappears, Magistrate Judge Dancks concludes.

Plaintiff did not object to the Report-Recommendation, and the time for such objections has passed.  After examining the record, this Court has determined that the Report-Recommendation is not subject to attack for plain error or manifest injustice and the Court will accept and adopt the Report-Recommendation for the reasons stated therein.

The Report-Recommendation of Magistrate Judge Dancks, dkt. # 16 is hereby **ACCEPTED** and **ADOPTED**.  The Plaintiff's complaint is DISMISSED WITH PREJUDICE

2

in part and DISMISSED WITH LEAVE TO REPLEAD in part, as follows:

1. Any claims against Defendants the United States Department of Justice, the Binghamton PD Lock-up, and the Binghamton Sheriff are hereby DISMISSED WITH PREJUDICE;

2. Any claims brought pursuant to 18 U.S.C. § 242 in which Defendant seeks criminal prosecution of Defendants or others are hereby DISMISSED WITH PREJUDICE;

3. Any Eighth Amendment claims are hereby DISMISSED WITH PREJUDICE

4. Any Fourth Amendment claims are hereby DISMISSED WITHOUT PREJUDICE TO REPLEADING; and

5. All remaining claims are hereby DISMISSED WITHOUT PREJUDICE as barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

The Clerk of Court is also hereby DIRECTED to provide the Superintendent of the facility that Plaintiff has designated as his current location with a copy of Plaintiff's inmate authorization form, dkt. # 11, and notify that official that Plaintiff has filed this action and is required to pay the Northern District of New York the entire statutory filing fee of $350 in installments, over time, pursuant to 28 U.S.C. § 1915.

Plaintiff is advised that <u>an amended complaint **supersedes in all respects** the prior pleading.  Any amended complaint must be a complete pleading and include all facts and claims not otherwise dismissed by the Court with prejudice.  Therefore, if plaintiff files an amended complaint, he **must properly allege in the amended complaint all factual**</u>

**bases for all claims asserted therein, and the amended complaint must be in compliance with Rules 8 and 10 of the Federal Rules of Civil Procedure.**

**IT IS SO ORDERED.**

**Dated:** October 19, 2020

Thomas J. McAvoy
Senior, U.S. District Judge