**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JOE W. PEEPLES, III,**

                             **Plaintiff,**

    v.                                                    **3:19-CV-868**
                                                                  **(TJM/TWD)**

**FBI AGENT CHRIS FIORITO, *et al.*,**

                             **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


**DECISION and ORDER**

**I.**      **INTRODUCTION**

      This case was referred to the Hon. Thérèse W. Dancks, United States Magistrate Judge, for an initial review of Plaintiff's Amended Complaint. For a procedural history of this case and a review of the allegations in the Amended Complaint, reference is made to Judge Dancks' February 1, 2021 Order and Report-Recommendation, Dkt. 22. After a review of the Amended Complaint and an analysis of it in the context of the Court's prior decision in this case and the applicable law, Judge Dancks recommends: (1) that Defendants the United States Department of Justice, the Binghamton PD Lock-up, and the Binghamton Sheriff be terminated from the Docket inasmuch as all claims against these defendants had previously been dismissed with prejudice, Dkt. 22 at 6-7; (2) dismissing without leave to replead Plaintiff's Fourth Amendment claims related to the

visual body cavity strip search against Defendant FBI Agent Fiorito and an unknown individual at the at the Binghamton Jail who allegedly assisted in the strip search inasmuch as Plaintiff's repleaded allegations "do not amount to a constitutional violation 'because [*Florence v. Bd. of Chosen Freeholders of Cty. of Burlington*, 566 U.S. 318 (2012)] permits corrections officers to strip search detainees without particularized suspicion . . . and recognizes that strip searches are specifically designed to uncover contraband that can go undetected by a patdown, metal detector, and other less invasive searches.'" *Id.* at 8 (quoting *Chaney v. City of Albany*, No. 6:16-CV-1185 (NAM/TWD), 2019 WL 3857995, at *7 (N.D.N.Y. Aug. 16, 2019))(interior quotation marks and citation omitted); and (3) dismissing without prejudice Plaintiff's remaining claims inasmuch as they would necessarily imply the invalidity of Plaintiff's current conviction or sentence, and thus are barred under *Heck v. Humphrey*, 512 U.S. 477 (1975) "unless and until such time as Plaintiff's conviction is overturned or his sentence invalidated." *Id.* at 10.  No objections to the Order and Report-Recommendation have been filed, and the time to do so has expired.

## II.     DISCUSSION

After examining the record, this Court has determined that the Order and Report-Recommendation is not subject to attack for plain error or manifest injustice.

## III.    CONCLUSION

Accordingly, the Court **ACCEPTS** and **ADOPTS** the recommendations in the Order and Report-Recommendation (Dkt. 22 ) for the reasons stated therein.  Therefore, it is hereby

**ORDERED** that the Clerk of the Court terminate the U.S. Dept. of Justice, Binghamton PD Lock-up, and Binghamton Sheriff from the Docket in this matter; and it is further

**ORDERED** that Plaintiff's Fourth Amendment claims against Defendant FBI Agent Fiorito and an unknown individual at the Binghamton Jail related to the visual body cavity strip search of Plaintiff are **DISMISSED WITHOUT LEAVE TO REPELAD**;  and it is further

**ORDERED** that Plaintiff's remaining claims, which would necessarily imply the invalidity of his current conviction or sentence, are **DISMISSED WITHOUT PREJUDICE** as barred under *Heck v. Humphrey*, 512 U.S. 477 (1975).  The claims are dismissed until such time as Plaintiff's conviction is overturned or his sentence invalidated.

The Clerk of the Court may close the file in this case.

**IT IS SO ORDERED.**

Dated: June 16, 2021

Thomas J. McAvoy
Senior, U.S. District Judge